FILED
SUPERIOR COURT
OF GUAM

2022 MAR -2 PM 2: 59

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **MARYANN M. CRISOSTOMO,** | **CIVIL CASE NO. CV0238-21** |
| **Plaintiff,** | |
| **vs.** | |
| | **DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY** |
| **PCR, INC, d.b.a. LINDA'S COFFEE SHOP/ THE WHISPERIJNG PALM, and its JOHN DOE INSURANCE CARRIER TO BE NAMED AFTER DISCOVERY, and DOES 1-10, Inclusive,** | |
| **Defendant.** | |

This matter is before the Honorable Dana A. Gutierrez based on Plaintiff Maryann M. Crisostomo's ("Crisostomo") Motion for Leave to File Sur-Reply filed on December 6, 2021. Crisostomo is represented by Attorney Mark Williams and Defendant PCR, Inc. d.b.a. Linda's Coffee Shop ("PCR") is represented by Attorney R. Todd Thompson. Upon a review of the pleadings and in accordance with applicable law, the Court now issues this Decision and Order **GRANTING** Crisostomo's Motion for Leave to File Sur-Reply ("Motion for Leave").

## BACKGROUND

This matter arises out of Crisostomo's Complaint for Damages for Negligence; Premises Liability; Direct Action Damages ("Complaint") filed on March 9, 2021. The Complaint alleges

that Crisostomo suffered a slip and fall injury on PCR's premises due to PCR's negligence. *See* Compl. (March 9, 2021).

On March 11, 2021, this case was assigned to the Honorable Arthur R. Barcinas. On March 24, 2021, prior to service of the Complaint on the defendants or any answer filed, the Court issued an Order Re Trial Schedule and the Clerk of Court issued a CVR 16.1 Form 1 Scheduling Notice.

At the June 3, 2021 Scheduling Conference, Judge Barcinas noted that he is acquainted with Crisostomo and would therefore be disqualifying himself from the case. Min. Entry (June 3, 2021). On June 4, 2021, Judge Barcinas issued his Disqualification Memorandum, and this case was assigned to the undersigned.

Also on June 4, 2021, Crisostomo filed a Declaration of Non-Service indicating that a process server attempted to serve the Summons and Complaint upon Attorney Todd Thompson, but Attorney Thompson's staff informed the process server that he refused to accept service. Decl. of Non-Service (June 4, 2021).

Because ninety (90) days had passed since the filing of the Complaint, the Court issued an Order placing Crisostomo "on notice" that the "Court has not received proof that the Plaintiff has served the Defendants," and that she "must complete service of process to be in compliance with the 180-day time of service required by Rule 4 of the Guam Rules of Civil Procedure." Order to Serve Defendants (June 23, 2021).

On July 30, 2021, Crisostomo filed a Declaration of Service stating that a process server served the Summons and Complaint "through Rosalia U.G. Pangelinan who is the secretary of PCR Inc. [A]ccording to Rev. & Tax. [t]he registered agent, Pedro Pangelinan is deceased." On

October 15, 2021, PCR filed a Motion to Dismiss Complaint [Guam R. Civ. P. Rules 12(b)(5) and 4(m)] ("Motion to Dismiss"). The Motion to Dismiss alleges that service upon Rosalia Pangelinan was not proper, and because proper service was not effected within 180 days after the filing of the Complaint, Rule 4(m) of the Guam Rules of Civil Procedure ("GRCP") requires that the case be dismissed. *See* Motion (Oct. 15, 2021).

Crisostomo filed her Opposition to the Motion to Dismiss on November 12, 2021 and PCR filed their Reply on November 24, 2021. On November 30, 2021, the Court set the hearing on the Motion to Dismiss for March 15, 2022.

On December 6, 2021, Crisostomo filed the present Motion for Leave to File Sur-Reply. PCR filed an Opposition to the Motion for Leave. No reply was filed. On February 15, 2022, the Court issued a CVR 7.1 Form 3 taking the Motion for Leave under advisement on the briefs of the parties and now issues this decision.

## DISCUSSION

There is no rule in the GRCP nor Guam's local rules that provides for the filing of sur-replies. The rules only contemplate a memorandum in support of the motion, an opposition, and a reply. *See* CVR 7.1(c)(2); CVR 7.1(d)(1); CVR 7.1(d)(2). However, the filing of a sur-reply has been permitted by other Guam trial courts.[1] Other jurisdictions permit the filing of a sur-reply upon a showing of good cause which exists when a party seeks to address an issue raised for the first time in the opponent's reply brief. *See Geiger v. Pfizer*, 271 F.R.D. 577, 580-81 (S.D. Ohio 2010); *Lopez v. Council on American-Islamic Relations Action Network, Inc.*,

---

[1] *See Joel Joseph, DVM v. Dylan Mechanical Construction Services, Inc.*, CV0436-19, Decision and Order ("D&O"), at 5-6 (Feb. 23, 2021); *Beth Perez v. Civil Service Commission and Dept. of Education, real party in interest*, SP0012-16, D&O, at 3-4 (Aug. 2, 2017).

657 F.Supp.2d 104, 108 (D.D.C. 2009); *Coryn Group II, LLC v. O.C. Seacrets, Inc.*, 868 F.Supp.2d 468, 496 (D. Md. 2012).

In *Joel Joseph, DVM*, the Guam trial court found that good cause to permit a supplemental memorandum did not exist where the party obtained new counsel and wished to further brief issues not raised by the previous counsel. *Joel Joseph, DVM v. Dylan Mechanical Construction Services, Inc.*, CV0436-19, D&O, at 5-6 (Feb. 23, 2021). By contrast, in *Beth Perez*, the Guam trial court permitted the filing of a sur-reply where the petitioner raised a new issue in her reply and the sur-reply was limited to addressing only that new issue in the reply. *Beth Perez v. Civil Service Commission and Dept. of Education, real party in interest*, SP0012-16, D&O, at 3-4 (Aug. 2, 2017) ("In absence of any local rule providing for the filing of a sur-reply, the Court finds it has the discretion to either permit or preclude one.")

Like in Guam, the Federal Rules of Civil Procedure also do not expressly permit the filing of sur-replies, however such filings have been found to "be allowed in the appropriate circumstances, especially when new submissions and/or arguments are included in a reply brief, and a non-movant's ability to respond to the new evidence has been vitiated." *Key v. Shelby County*, 551 Fed.Appx. 262, 264 (6th Cir. 2014).

In the present case, PCR's Motion to Dismiss asserts that: 1) service of process upon Rosalia Pangelinan was improper because at the time of service, she was neither an officer nor director of PCR; 2) the attempted service on PCR's legal counsel was ineffective because he had not been authorized to accept service on behalf of PCR; and 3) due to ineffective service of process within 180 days of the filing of the Complaint, Rule 4(m) of the GRCP requires the case be dismissed. Motion, at 4-9.

4

In Opposition, Crisistomo asserts that service on Rosalia Pangelinan was effective based on the doctrine of "ostensible authority," that is, the principal (in this case, PCR) either intentionally, or by want of ordinary care, caused third persons (in this case, Crisostomo) to believe that Rosalia Pangelinan was PCR's agent, when in fact, she was no longer employed by PCR. Opp., at 4-5 (citing 18 GCA §§ 20106, 20214). Crisostomo argues that this Court should follow California law because California features identical statutes regarding agency and ostensible authority. *Id.* Crisostomo directs this Court to cases wherein California courts have recognized that a plaintiff effects valid service upon a defendant by serving an individual with ostensible authority to receive process. *Id.* (internal citations omitted).

In PCR's reply, PCR asserts that Crisostomo may not rely on the cases cited to in her Opposition because the cases come from jurisdictions that have not adopted the "strict compliance" standard when it comes to service of process, which has been adopted in Guam. Reply, at 3-4. PCR argues that although Guam "engrafted its corporate service statutes from California," California has since adopted new statutes which were applied in the cases cited to by Crisostomo. Reply, at 5. Therefore, PCR asserts that because Crisostomo has failed to cite to jurisdictions which have adopted the "strict compliance" standard for service of process, Crisostomo may not rely on the doctrine of "ostensible authority" to show that proper service was effectuated. *Id.*

Also, for the first time in PCR's briefs, PCR asserts that pursuant to 18 GCA § 6101, Crisostomo "could and should have effectuated service by means of an alias summons via Rev & Tax[.]" Reply, at 7-8. Lastly, PCR argues that Crisostomo was required to prove that PCR was not prejudiced by the delay. *Id.*, at 9-10.

5

In Crisostomo's Motion for Leave, Crisostomo asserts that the Court should permit a sur-reply because PCR's reply is "largely based on a novel legal theory" which Crisostomo could not have known to address because "there does not appear to be *any* case law (and there is none cited by [PCR] that makes the distinction proposed by Defendant, i.e., that 'ostensible authority' only applies in the service-of-process context in 'liberal compliance' rather than 'strict compliance' jurisdictions." Mot. for Leave, at 2-3. Thus, Crisostomo "cannot be expected to have foreseen and preemptively rebutted a legal theory without any explicit support in the law." *Id.* at 3.

Additionally, Crisostomo asserts that there was no reason PCR could not have raised its arguments that 1) Crisostomo should have effected service by means of an alias summons; and 2) Crisostomo was required to prove that PCR was not prejudiced by the purported delay. *Id.*, at 3. Thus, Crisostomo requests leave to file the sur-reply to address these new arguments as well as to respond to PCR's allegation that Crisostomo cited to cases incorrectly. *Id.*

In opposition, PCR argues that sur-replies are not permitted, or if they are permitted, then they should only be allowed when the requesting party has demonstrated "extraordinary circumstances." Opp., to Mot. for Leave, at 3-4. Further, PCR asserts that PCR has not raised new theories but only presented a different assessment of the law, which Crisostomo can disagree with at the oral argument. *Id.*, at 5. Additionally, the movant should have the last word on its motion. *Id.*

In absence of any local rule providing for the filing of a sur-reply, the Court finds it has the discretion to either permit or preclude one upon a showing of good cause which exists when a party seeks to address an issue raised for the first time in the opponent's reply brief. *See Beth*

6

*Perez v. Civil Service Commission and Dept. of Education, real party in interest*, SP0012-16, D&O, at 3-4 (Aug. 2, 2017).

Here, PCR has raised new arguments in its Reply which could not have been foreseen by Crisostomo when preparing her Opposition. Specifically, the new issues raised by PCR in its Reply can be identified as follows: 1) whether ostensible authority only applies in the service-of-process context in liberal compliance rather than strict compliance jurisdictions; 2) whether Crisostomo should have effected service by means of an alias summons served on the Department of Rev. and Tax; and 3) whether Crisostomo was required to prove that PCR was not prejudiced by the purported delay.

Regarding the first issue, upon a review of the briefings, the Court is persuaded that Crisostomo could not have foreseen that PCR would assert that such distinction exists. Regarding the second and third issues, PCR could have raised these arguments in its initial Motion to Dismiss but failed to do so. Additionally, supplemental briefing from Crisostomo on these three issues will aid the Court in its decision on the Motion to Dismiss which promotes judicial efficiency. Therefore, the Court finds good cause to permit the filing of a sur-reply to address these three issues.

However, regarding the issue of whether the Court should disregard the unpublished cases cited by Crisostomo, PCR could not have addressed Crisostomo's citations in any brief other than in its Reply. Therefore, the Court does not find good cause to permit Crisostomo to address this issue in her Sur-Reply.

## CONCLUSION

For the foregoing reasons, and for good cause, the Court hereby **GRANTS** Crisostomo's

Motion for Leave to File Sur-Reply. Crisostomo shall file the Proposed Sur-Reply to Defendant's Reply Memorandum that is attached as Exhibit A to Crisostomo's Motion for Leave to File Sur-Reply **by March 8, 2022**. However, Crisostomo shall **redact** the portions of her Sur-Reply addressing whether the Court should disregard the unpublished cases cited to by Crisostomo in her Opposition.

**SO ORDERED:**   MAR 0 2 2022

**HONORABLE DANA A. GUTIERREZ**
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
M. Williams
Thompson
Date:_____Time: 3/2/22
Joseph Bamba, Jr.
Deputy Clerk, Superior Court of Guam